MILLER ET AL. *v.* KIRKPATRICK ET AL.

[No. 25,347.   Filed November 22, 1933.]

*Jones, Davidson & Patrick,* for appellants.

*Edgar D. Randolph* and *John B. Randolph,* for appellees.

FANSLER, J.—Appellees filed a petition for the establishment of a drain under Section 6167, Burns 1926. The petition was filed on the 23d day of November, 1920, and notice was given that it would be docketed on January 5, 1921. On February 4, 1921, no objections having been filed to the form of the petition or to the qualifications of the drainage commissioners, the petition was referred to them, including E. C. Minton, County Surveyor, for report. On May 3, 1921, the commissioners filed their report. The report was referred back to the drainage commissioners several times during the next four years, and on May 5, 1924, the fourth new report was filed. A remonstrance was filed to this report, and after numerous continuances it was heard on the 1st

day of May, 1925. The court found that the report was not according to law in respect to two specified items, and the commissioners were ordered to meet at the office of the clerk of the court on May 6, 1925, and to file a new report on May 8, 1925, which was accordingly done.

On the 18th day of May, 1925, the appellants filed a remonstrance against this latter report. The first reasons for remonstrance assigned is "that the report of the commissioners is not according to law." Under this heading are specifications numbered *a* to *h*, inclusive. The only errors assigned and presented involve the ruling of the court upon specifications *h* and *d*.

By specification *h* it is alleged that the report is not according to law for the reason that on January 1, 1925, the term of E. C. Minton as surveyor had expired, and that he had been succeeded by one Myers, and that said Myers had not filed a report, nor had any person appointed as engineer filed a report.

Section 6166, Burns 1926, provides for the appointment of a county drainage commissioner to serve for a term of two years, and that the county surveyor shall be ex officio a county drainage commissioner.

Section 6169 provides that any person named in a petition as the owner of land shall have ten days after docketing to file with said court any demurrer, remonstrance, or objection he may have to the form of the petition, or as to why *said* drainage commissioners, or either of them, on account of their interest in said work, or kinship to any person whose lands are affected thereby, should not act in the matter.

It provides further that if no such remonstrance shall be filed, and the court deems the petition sufficient, such court shall make an order referring the same to the drainage commissioner above provided for, and to a third commissioner to be appointed by the court. It then provides that the commissioners shall make a *per-*

*sonal* inspection of the lands described, and the lands likely to be affected, and shall consider whether the drain is practicable; whether it will improve the public health or benefit any public highway, or be of public utility; and whether the cost of the drain will be less than the benefits. If they find these facts in the affirmative, they shall proceed and definitely determine the best and cheapest method of drainage, the termini and route, location and character of the proposed work, and fix the same by metes and bounds, courses and distance, and description, including grades and bench marks, etc., and report the same to the court under oath.

Section 6174, Burns 1926, provides that upon the filing of the report of the commissioners, any person whose property is affected may remonstrate for certain causes therein specified, none of which mentions the disqualification of the commissioners. The first cause is "that the report of the commissioners is not according to law." But this must be interpreted as referring to the report of the commissioners only, and not to the qualifications of the commissioners.

It is provided that all objections to the petition or the action of the drainage commissioner not made within ten days from the filing of the petition shall be deemed waived. We find nothing further in the statute as to the personnel of the commissioners, excepting the provision that if there is a vacancy in the office of county drainage commissioner, or if the incumbent is disqualified to serve, or if the person appointed county drainage commissioner declines to accept the appointment, the court shall have the power to appoint a special drainage commissioner to act in any pending cause.

Construing all of the provisions of the act together, and considering the duties of the commissioners and the

purpose of their appointment, and the fact that a reference may be made at any time, even near the end of the two year term of the county drainage commissioner or the four year term of the county surveyor, and that under such circumstances there might be insufficient time before the expiration of their term in which to procure the information and make the personal inspection necessary for the making of a report, to which the commissioners must personally make oath, and considering that there is no expression in the statute indicating an intention that the commissioners should be succeeded in their duties in any particular project upon the expiration of their terms, and the impracticability of such a change pending the completion of the services of the commissioners, leads us to the conclusion that it was intended that the commissioners should continue, once reference is made, until they have completed a report which is finally acted upon by the court.

This petition was pending more than four years. The terms of two drainage commissioners under appointment by the county commissioners must have expired. The report filed in May, 1924, was detailed and voluminous, containing much engineering data and representations of fact, of which the commissioners must have had personal knowledge, and was not heard for more than a year. In the meantime the term of the county surveyor expired. Upon hearing the court ordered a new report, amending the one on file in respect to two matters of detail, and the court allowed but two days for the amendment to be made. The amendment took the form of a new report, incorporating practically all of the former report, and it was required to be sworn to. A new county surveyor and county drainage commissioner could not have sworn to this report without more time to verify the facts.

Section 6169 provides that "any two of such commissioners may act without the presence or concurrence of the third." No question is made of the qualifications of the other two commissioners, and the report verified by them would be sufficient.

In specification *d* it is contended that the report is not according to law because of a provision that "wherever private tile is encountered the same is to be connected with the new ditch at the expense of the contractors, the same as those ditches which are a part of the new construction." It is elsewhere provided that all junctions of tile with branches are to be of "Y's" or "T's." Appellants complain that no attempt was made to point out any of the private tile referred to, or to state the number, location, elevation, or size of such existing drains. It is urged that the bidders are left to conjecture upon the item in question, and that a competent bidder will necessarily bid high enough to include the expense incident to installing connections to the maximum number.

The report apparently complied with the statutory requirements as to the matters which shall be determined and set out therein.

If the number of private tile drains which will connect with the completed enterprise, and the size of the tile, is ascertainable and could have been set out in the report of the commissioners, it is possible for the contractor to procure the same information.

It is not possible, nor does the statute require, that every minor construction problem shall be solved in the report of the commissioners. Bidders on large construction projects must necessarily anticipate problems which are not anticipated and described in plans and specifications; such problems as the excavation of hardpan, rock, or quicksand may be encountered. These problems are, no doubt, taken into

consideration by contractors in preparing their bids. Prospective bidders have the opportunity of examining the territory involved, and are not required to depend entirely upon the report of the commissioners as the basis for bidding. We find no illegality in the report in this respect.

Judgment affirmed.